**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **BENJAMIN SANGRAAL, #M35692,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )      **Case No. 14-cv-00661-JPG** |
| | ) |
| **S. A. GODINEZ, JULIUS FLAGG,** | ) |
| **DEEDEE BROOKHART,** | ) |
| **CHAPLAIN KLINE,** | ) |
| **ROSS HAVERHALS,** | ) |
| **and BRADLEY J. ROBERT,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Benjamin Sangraal filed this *pro se* civil rights action pursuant to 42 U.S.C.

§ 1983 (Doc. 1), the Religious Land Use and Institutionalized Persons Act ("RLUIPA"),

42 U.S.C. § 2000cc-1, and the Illinois Religious Freedom Restoration Act ("IRFRA"), 775 ILCS

§ 35/15.   He sues six employees of the Illinois Department of Corrections ("IDOC") for

infringing upon his right to practice Paganism freely and without discrimination at Robinson

Correctional Center ("Robinson") and Centralia Correctional Center ("Centralia").   These

officials include Defendants Godinez,[1] Brookhart,[2] Flagg,[3] Kline,[4] Haverhals,[5] and Robert.[6]

---

[1] Defendant Godinez is the IDOC Director and is allegedly responsible for setting administrative policies, providing training and supervision to IDOC employees, and responding to grievances (Doc. 1, p. 2).
[2] Defendant Brookhart is the Assistant Warden of Programs at Robinson and is allegedly responsible for classifying certain religious items as contraband or allowing exemptions in accordance with state and federal law (Doc. 1, p. 3).
[3] Defendant Flagg is the current Chief Administrative Officer of Centralia and the former Assistant Warden of Security.   In his previous role, he was allegedly responsible for classifying certain religious items as contraband or allowing exemptions in accordance with state and federal law. In his current role, he is responsible for setting administrative policies, providing training and supervision to IDOC employees, and responding to grievances (Doc. 1, pp. 2-3).

Plaintiff claims that these officials interfered with his right to exercise his religion when they promulgated and enforced policies that restricted the use of tarot cards, banned the use of the pentacle as a religious symbol, mandated the screening of certain religious literature, and subjected Plaintiff to overtly Christian messages.  He now seeks monetary damages, declaratory judgment, and injunctive relief.

## Class Certification

Before conducting a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, the Court must first address the fact that Plaintiff has requested certification of a class of "his co-religionists [who are] suffering under the same or a similar set of facts, and the appointment of class counsel representation" (Doc. 1, p. 1).  Despite this request for class certification, no other Plaintiff appears to be involved in this action.  No one else is listed as a Plaintiff in the case caption or appears to have participated in drafting the pleadings or filing the lawsuit.  Further, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs.  *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.  Under the circumstances, Plaintiff's request for class certification is **DENIED** without prejudice.

## The Complaint

Plaintiff has allegedly practiced Paganism since his childhood and holds his religious beliefs sincerely[7] (Doc. 1, p. 5).  He has completed training and initiation into the priesthood of

---

[4] Defendant Kline is a chaplain at Centralia, who is responsible for overseeing religious activities and the use of religious symbols and publications by inmates (Doc. 1, p. 3).

[5] Defendant Haverhals is also a chaplain at Centralia, who is responsible for overseeing religious activities and the use of religious symbols and publications by inmates (Doc. 1, p. 3).

[6] Defendant Robert is the former Chief Administrative Officer of Centralia, who is responsible for setting administrative policies, providing training and supervision to IDOC employees, and responding to grievances (Doc. 1, p. 3).

[7] He also claims that he relies on his religion to cope with the death of his infant daughter, which occurred in 2010 (Doc. 1, p. 5).  He was diagnosed with post-traumatic stress disorder following her death. However, he has been denied necessary psychiatric medication and treatment by the IDOC.  Plaintiff raises no claim in this action for the alleged denial of necessary psychiatric treatment.

his religion, following intensive training and coursework.  Despite identifying himself as a "Pagan" during intake into the IDOC in March 2013, Plaintiff received a religious classification of "Other" (Doc. 1, p. 5).  During his incarceration at Robinson and Centralia, Plaintiff encountered a "culture of systemic religious discrimination" (Doc. 1, p. 13).

Plaintiff's claims generally arise from: (1) a ban that the IDOC placed on the pentacle as a religious symbol; (2) the restriction on Plaintiff's use of tarot cards to practice divination: (3) the selective screening of religious literature; and (4) the overtly Christian messages to which he has been subjected (Doc. 1, pp. 6-27).

## 1.    The Pentacle

The complaint describes the pentacle as the "single universally accepted symbol of Pagan faith" (Doc. 1, p. 5).  The symbol consists of an interwoven five-pointed star enclosed in a circle (Doc. 1, p. 6).  It is "worn by millions of Pagans worldwide" as a statement of faith and as a protective amulet.  Plaintiff has worn a pentacle medallion as a symbol of his faith for years.

Defendant Godinez effectively banned the pentacle by classifying it as contraband in a memorandum dated August 13, 2012.  Defendant Godinez explained that "the 5 point star is one of the symbols of the People Nation, a well-known Chicago based group of street gangs . . . [and is] used as gang identifiers. . . ." (Doc. 1, p. 7).  Plaintiff disputes any relationship between the pentacle and Paganism.   Although Defendants have prohibited Plaintiff from possessing, wearing, or using the pentacle as a religious symbol, other inmates are allowed to display pentacle tattoos.  Plaintiff challenges this policy and its enforcement by Defendants against him under the First Amendment, Fourteenth Amendment, RLUIPA, and IRFRA.

2.      **Tarot Cards**

According to the complaint, divination is the "art and science of interpreting seemingly random events in order to receive deeply personal messages from the Divine" (Doc. 1, p. 9).  It is a "central practice" of every Pagan religious denomination.  Tarot cards are one tool used in this practice, and the primary tool used by Plaintiff.

Plaintiff alleges that IDOC rules effectively preclude Plaintiff from using "divination" to practice his faith because the rules ban tarot cards (Doc. 1, pp. 9-12).  The IDOC Chaplaincy Manual states, "Tarot cards and related forms of divinatory tools (Rune tiles, etc.) are not allowed in the IDOC" (Doc. 1, p. 10).  Although an exception exists for photocopies of tarot cards where four or five cards are displayed on each page, Plaintiff alleges that he cannot practice divination with these photocopies.  The cards are banned because they are "often used for manipulation" (Doc. 1, p. 10).

Pursuant to this policy, Defendants have thwarted Plaintiff's efforts to obtain tarot cards. Defendant Brookhart made the discretionary decision to withhold a shipment of cards from Plaintiff at Robinson in May 2013 (Doc. 1, pp. 13-14).  A second shipment was rejected per Defendant Flagg's policy banning the cards at Centralia in September 2013 (Doc. 1, p. 16). The Publication Review Board ("PRB") at Centralia refused to review the matter.  Defendant Kline demonstrated a general misunderstanding of Paganism during a meeting on September 22, 2013 (Doc. 1, p. 17).  A Centralia correctional officer maligned Paganism on January 27, 2014 (Doc. 1, p. 20).  Defendant Haverhals, though generally agreeing that the policy is discriminatory, made largely unsuccessful attempts to accommodate this religious practice (Doc. 1, pp. 21-22).  Meanwhile, Christians are allowed to use "prayer cards" without restriction (Doc. 1, p. 11).  Plaintiff now challenges the tarot card policy and its enforcement by Defendants

against him under the First Amendment, Fourteenth Amendment, RLUIPA, and IRFRA (Doc. 1, p. 16).

**3.      Screening Religious Literature**

Plaintiff has also been denied access to Pagan publications without cause at Robinson and Centralia (Doc. 1, p. 12).  He challenges the discriminatory manner in which his religious publications are selected for review by the PRB.  The PRB refused to review his religious tarot cards at his request, thereby denying Plaintiff access to them.  However, a religious book, entitled *When I See the Wild God*, was intercepted for review by Centralia's property office as a "witchcraft book" in January 2014 (Doc. 1, p. 19).  Plaintiff filed a grievance challenging the review of this book, but Defendant Flagg denied it, and Defendant Godinez failed to respond to Plaintiff's appeal.

**4.      Christian Messages**

Plaintiff also claims that he has been subjected to overtly Christian messages against his will.  At Robinson a correctional officer assaulted him, while quoting passages from the Bible and accusing Plaintiff of being possessed by "demons" and "need[ing] Jesus"[8] (Doc. 1, pp. 12-13).  The supervising officer who observed the incident failed to reprimand his subordinate or report the misconduct.  When Plaintiff filed a grievance, Defendant Brookhart "rejected" it as "poorly written."

At Centralia, a sign in the chapel says "REPENT AND BE BAPTIZED" (Doc. 1, p. 15). At times, inmates are required to meet in the chapel.  Plaintiff has repeatedly requested that the sign be removed, to no avail.  Plaintiff claims that Defendant Robert failed to properly train Centralia's staff about the rights of inmates who practice minority religions (Doc. 1, p. 15).

---

[8] Plaintiff raises no claim in this action for the alleged assault.

He also claims that Defendants Flagg, Kline, and Haverhals have knowingly allowed the sign to remain posted, despite violating his rights under the First and Fourteenth Amendments.

**5.      Claims**

Plaintiff now challenges the policies banning the pentacle, limiting the use of tarot cards, and requiring additional screening of Pagan religious literature under the First Amendment (Free Exercise, Free Speech, and Establishment Clauses), the Fourteenth Amendment (Equal Protection Clause), RLUIPA, and IRFRA (Doc. 1, p. 23).  He also challenges Defendants' enforcement of the allegedly unconstitutional policies against him.  Plaintiff further challenges the decision to post the "REPENT AND BE BAPTIZED" message in Centralia's chapel under the First Amendment Establishment Clause and the Fourteenth Amendment Equal Protection Clause (Doc. 1, p. 25).  Finally, Plaintiff claims that these policies and a general lack of training on religious issues have led to an atmosphere of religious intolerance at Robinson and Centralia (Doc. 1, p. 24).  Plaintiff sues Defendants Godinez and Flagg in their official and individual capacities.  He sues Defendants Brookhart, Kline, Haverhals, and Robert in their individual capacities.  He seeks declaratory judgment, monetary damages, and permanent injunctive relief.

<u>**Merits Review Under 28 U.S.C. § 1915A**</u>

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is

immune from such relief.  28 U.S.C. § 1915A(b).  Upon review of the allegations, the Court

finds that the complaint survives preliminary review under § 1915A.

**Discussion**

Plaintiff shall be allowed to proceed with his claims under the First Amendment

(**Count 1**) and Fourteenth Amendment (**Count 2**) against Defendants Godinez, Flagg, Brookhart,

Robert, Kline, and Haverhals.

Subject to certain limitations, Plaintiff shall also be allowed to proceed with his RLUIPA

claim (**Count 3**) against Defendants Godinez and Flagg.  RLUIPA applies to state and local

governments and to those acting under color of state law.  *See* 42 U.S.C. § 2000cc-5(4).  It offers

broad protection to institutionalized persons by prohibiting substantial burdens on their religious

exercise.  § 2000cc-3(g).  This protection extends to "any exercise of religion, whether or not

compelled by, or central to, a system of religious belief."  § 2000cc-5(7)(A).  However, RLUIPA

does not provide a cause of action for money damages against officials in their individual

capacity, *see Nelson v. Miller*, 570 F.3d 868, 886-89 (7th Cir. 2009), or official capacity,

*see Sossamon v. Texas*, 131 S.Ct. 1651, 1655 (2011).  Therefore, Plaintiff may not pursue a

claim for money damages against any Defendants under RLUIPA.  Instead, the Court will allow

him to proceed with a request for injunctive relief against Defendants Godinez and Flagg, whom

he has already named in their official capacities for this purpose.  Count 3 shall be dismissed

without prejudice against Defendants Brookhart, Robert, Kline, and Haverhals.

In addition, the Court must dismiss Plaintiff's IRFRA claim (**Count 4**) against all

Defendants.  Like RLUIPA, the IRFRA provides that the government may not "substantially

burden a person's exercise of religion, even if the burden results from a rule of general

applicability, unless it demonstrates that application of the burden to the person (i) is in

furtherance of a compelling governmental interest and (ii) is the least restrictive means of furthering that compelling governmental interest." 775 ILCS § 35/15. However, the Illinois Court of Claims has exclusive jurisdiction over IRFRA claims. *See Wallace v. Miller*, 2014 WL 552885, at 2 (S.D. Ill. 2014). A suit against a public employee in his official capacity is a suit against the state, and the Illinois Court of Claims has "exclusive jurisdiction of all claims" against the state founded upon any law of the State of Illinois. *See Nelson*, 570 F.3d at 885; 705 ILCS § 505/8(a). Likewise, federal district courts have barred individual-capacity IRFRA claims, holding that IRFRA claims against state employees are in effect claims against the state. *See Wilkins v. Walker*, 2012 WL 253442, at 3 (S.D. Ill. Jan. 2012) (collecting cases). Under the circumstances, **Count 4** shall be dismissed without prejudice to Plaintiff re-filing this claim in the Illinois Court of Claims.

## Pending Motions

Plaintiff has filed a motion to appoint counsel (Doc. 3), which shall be referred to United States Magistrate Judge **Philip M. Frazier** for a decision.

Plaintiff has also filed a motion for service of process at government expense (Doc. 4), which is hereby **GRANTED**.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 3 (request for money damages only)** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted, and **COUNT 4** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**AS TO COUNTS 1, 2,** and **3 (request for injunctive relief only)**, the Clerk of Court shall prepare for **DEFENDANTS GODINEZ, FLAGG, BROOKHART, ROBERT,**

**HAVERHALS,** and **KLINE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the amended complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate

Judge **Philip M. Frazier** for further pre-trial proceedings, including a decision on Plaintiff's motion to appoint counsel (Doc. 3).  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 14, 2014**

*s/ J. Phil Gilbert*
**U.S. District Judge**
