IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN SANGRAAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00661-JPG-PMF |
| ) | |
| S.A. GODINEZ, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Benjamin Sangraal's Motion (Doc. 29) for Review of Magistrate's Order (Doc. 17) Denying Appointment of Counsel. Plaintiff's Motion was filed on September 12, 2014. It is noted that the Magistrate's Order (Doc. 17) was entered on July 21, 2014, and an order to send a copy of the order to the Plaintiff was entered on July 31, 2014. The Clerk of Court sent a copy of the Order to the Plaintiff on August 1, 2014; however, Plaintiff claims that he has never received a copy of the order. As such, Plaintiff argues that his Motion is timely. The Court, in an excess of caution and benefit to the Plaintiff, will consider the Motion as timely.

**1. Background**

Plaintiff Benjamin Sangraal filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1), the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, and the Illinois Religious Freedom Restoration Act ("IRFRA"), 775 ILCS § 35/15. He sues six employees of the Illinois Department of Corrections ("IDOC") for infringing upon his right to practice Paganism freely and without discrimination at Robinson Correctional Center ("Robinson") and Centralia Correctional Center ("Centralia"). He seeks monetary damages, declaratory judgment and injunctive relief on behalf of himself and also on behalf of those individuals similarly situated.

Plaintiff filed a Motion (Doc. 3) to Appoint Counsel to assist in obtaining class certification and to determine and communicate with potential class members.  The preliminary review of the complaint (Doc. 8) pursuant to 28 U.S.C § 1915A denied without prejudice Plaintiff's request for class certification, but allowed Plaintiff to proceed as to Counts 1, 2, and 3.

**2. Analysis**

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law.  *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Accordingly, the Court will affirm Magistrate Judge Frazier's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law.  *Id.*

Plaintiff's arguments with regard to the Magistrate's Order center on the issue of the class action.  As the class action was not allowed to proceed, the Magistrate determined that, at this point in the litigation, Plaintiff appeared competent to perform the legal and factual analysis required. Plaintiff presents no argument within his request for review that he is incapable of proceeding on the matters permitted to go forward from the preliminary review.

**3. Conclusion**

The Court has reviewed Magistrate Judge Frazier's Order (Doc. 17) denying Plaintiff Benjamin Sangraal's Motion (Doc. 3) for Appointment of Counsel  and finds that it is neither clearly erroneous nor contrary to law.  Thus, the Court **AFFIRMS** the Magistrate Judge Frazier's Order (Doc.17) and **DENIES** Plaintiff Benjamin Sangraal's Motion (Doc. 29) for Review of Magistrate's Order.

**IT IS SO ORDERED.**

**DATED:**  November 3, 2014          s/J. Phil Gilbert
                                     **J. PHIL GILBERT**
                                     **DISTRICT JUDGE**