IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BENJAMIN SANGRAAL, M35692,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|    v. | )   Case No. 3:14-cv-00661-JPG-PMF |
| | ) |
| **S.A. GODINEZ,** *et al.***,** | ) |
| | ) |
|    **Defendants.** | ) |

**ORDER**

**FRAZIER, Magistrate Judge:**

Before the Court is the plaintiff's Motion to Compel (Doc. 43). Plaintiff seeks to compel the defendants to respond to interrogatories, requests for production, and requests for admission. For the following reasons, the plaintiff's motion is DENIED.

On June 9, 2014 the plaintiff filed this present lawsuit. On October 15, 2014 the defendants filed an answer to the plaintiff's complaint and in their answer they assert the affirmative defense that the plaintiff failed to exhaust available administrative remedies prior to filing suit. *See* 42 U.S.C. § 1997e. On November 13, 2014 a Scheduling Order was issued that limited discovery to the exhaustion of administrative remedies issue. Shortly before the Scheduling Order was issued, on October 21, 2014 the plaintiff sent the defendants 240 requests for admissions and 11 "Combined interrogatories and Requests for Production." Although scattered amongst the requests for admission and "combined interrogatories and requests for productions" are several questions that pertain to the exhaustion issue, the defendants declined to respond because the bulk of the questions pertained to non-exhaustion issues. The plaintiff now seeks to compel the defendants to respond to those questions that pertain to the exhaustion issue. Plaintiff's motion is DENIED. The defendants were not obligated to respond to improperly

submitted discovery requests and requests for admission. After the scheduling order was issued, the plaintiff should have resubmitted discovery requests and requests for admissions that were limited to the exhaustion issue. However the point is moot; the deadline to file motions regarding exhaustion has passed and discovery is now on the merits.

The plaintiff is also ADVISED that requests for admission must be "simple and direct so that they can be readily admitted or denied." *Tamas v. Family Video Movie Club, Inc.*, 301 F.R.D. 346, 347 (N.D. Ill. 2014) (citation omitted). Moreover, "[R]ule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness." 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2253 (3d ed.). Requests for admission that are abusive or unreasonable may be denied in their entirety.

**IT IS SO ORDERED.**

**DATED:   March 24, 2015 .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**