IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BENJAMIN SANGRAAL, M35692,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. **3:14-cv-00661-JPG-PMF** |
| ) | |
| **S.A. GODINEZ,** *et al.***,** ) | |
| ) | |
| **Defendants.** ) | |

### REPORT AND RECOMMENDATIONS

**FRAZIER, Magistrate Judge:**

Before the Court is the "Motion for Default Judgment and Finding of Contempt Against Defendant Robert and Remedial Award in Favor of Plaintiff to be Determined by Jury Inquest" filed by Plaintiff Benjamin Sangraal (Doc. 46). Also before the Court is Defendant Bradley Robert's motion to set aside default (Doc. 50). For the following reasons it is hereby RECOMMENDED that the Plaintiff's motion for default judgment and contempt be DENIED and Defendant Robert's motion to set aside default be GRANTED.

Sangraal filed this lawsuit on June 9, 2014. In his complaint he states that various Illinois Department of Corrections employees infringed upon his right to practice paganism and subjected him to overtly Christian messages. On July 14, 2014 Judge Gilbert conducted a merits review pursuant to 28 U.S.C. § 1915A (Doc. 8) and held that Sangraal stated colorable claims against Defendants Salvador Godinez, Julius Flagg, Dee Dee Brookhart, Bradley Robert, Ross Haverhals and Jon Kline. In the merits review order the Defendants were ordered to file a responsive pleading to Sangraal's complaint. Godinez, Flagg, Brookhart and Kline filed a timely joint answer on October 15, 2014. Robert waived service of process and his answer was due on September 22, 2014. He did not file an answer.

1

On February 2, 2015 the Court Clerk filed an entry of default against Robert. Sangraal then filed a motion for default judgment and contempt on February 23, 2015. The motion was denied without prejudice (*see* Doc. 45) and on April 2, 2015 Sangraal filed a renewed motion for default judgment and contempt. On April 24, 2015 Robert filed a motion to set aside default (Doc. 50). These two motions are the subject of this Report and Recommendation.

A District Court may set aside an entry of default for "good cause" as set forth in Rule 55 of the Federal Rules of Civil Procedure. To establish good cause the Defendant must satisfy a three part test.[1] *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014). The Defendant must show "good cause for [their] inaction, prompt steps to correct the default, and an arguably meritorious defense to the lawsuit." *Id.* To establish a "meritorious defense" the Defendant must demonstrate more than "bare legal conclusions" but "less than a definitive showing that the defense will prevail." *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014).

When an Illinois state employee is sued for "[an] act or omission occurring within the scope of the employee's State employment", Illinois state statute mandates that the Illinois Attorney General's Office represent that employee in Court. 5 ILCS 350/2. However the Attorney General's Office will not represent the state employee automatically in the event of a lawsuit. The employee must provide "timely and appropriate notice" to the Attorney General's Office that they are requesting representation. *Id.* According to Defendant Robert, he experienced some degree of confusion regarding the representation and indemnification process. He is retired and no longer works at the institution where the facts that give rise to this litigation occurred. Robert's answer was due on September 22, 2014 and the entry of default against him was filed on February 2, 2015. The Illinois Attorney General's Office contacted Robert

---

[1] The same three part test is used for setting aside default judgments under Rule 60(b) of the Federal Rules of Civil Procedure but the "test is more liberally applied in the Rule 55(c) context." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (*quoting United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir.1989)).

regarding the entry of default in early April and shortly thereafter Robert requested representation. On April 24, 2015 a motion to set aside the entry of default was filed.

Here, Robert's motion to set aside the entry of default should be granted. Although the situation approaches the limits of "good cause," the fact that Robert is retired and that he is not in immediate contact with IDOC legal coordination services both support a showing of good cause. When the Illinois Attorney General's Office contacted Robert regarding the entry of default in early April 2015, he took prompt steps to correct the default by quickly requesting representation. Defendant Robert also presents a "meritorious defense" in that he did not have the requisite personal involvement to support a claim under 42 U.S.C. § 1983. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003). Thus, Robert satisfies the three part test for setting aside an entry of default.

## RECOMMENDATIONS

Defendant Robert has demonstrated good cause to set aside the entry of default that was issued against him. Robert's motion to set aside default (Doc. 50) should be granted and Sangraal's motion for default judgment (Doc. 46) should therefore be denied as moot.

SO RECOMMENDED.

DATED:  June 26, 2015  .

*s/ Philip M. Frazier*  
**PHILIP M. FRAZIER**  
**UNITED STATES MAGISTRATE JUDGE**