IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN SANGRAAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No.  14-cv-00661-JPG-PMF |
| | ) |
| S A GODINEZ, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 55) of Magistrate Judge Philip M. Frazier with regard to Plaintiff's Motion for Default Judgment and Motion for Contempt against Defendant Bradley Robert (Doc. 46) and Defendant Bradley Robert's Motion to Set Aside Entry of Default (Doc. 50).  Plaintiff filed an objection to the R & R (Doc. 57).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).   As an objection has been filed, the Court will review those portions *de novo*.

The Clerk of the Court entered default (Doc. 41) against Defendant Bradley Robert on February 2, 2015, for failure to plead or otherwise defend in this case. Plaintiff then filed a Motion for Default Judgment (Doc. 42) which was denied without prejudice by the Court (Doc. 45) for failing to comply with Local Rule 55.1(a).

Plaintiff then filed a "Motion for Default Judgment and Finding of Contempt against Defendant Robert amd (sic) Re, Medial Award in Favor of Plaintiff to be Determined by Jury Inquest." (Doc. 46).

Defendant Bradley Robert filed a Motion to Set Aside Entry of Default (Doc. 50) stating that he was, "confused about how indemnification and representation by this office works, and was not aware that he had to formally request representation or else file a responsive pleading on his own behalf." He states that he took corrective action (within two days) of being notified of the default and that he will present a meritorious defense to the Complaint, namely: 1) that this matter is proceeding with regard to injunctive relief only and Defendant Robert is no longer in a position in which to execute injunctive relief with regard to the Plaintiff; 2) that he is entitled to Qualified Immunity; and 3) that the sole allegation against him fails to state a cause of action.

Plaintiff argues that Defendant Robert, "chose not to participate in this case for over eight (8) months" and during this period, Defendant Robert was receiving all relevant filings.

Federal Rule of Civil Procedure 55(c) provides that a court may set aside entry of default for good cause. The Court should do so if the defendant shows (1) good cause for his default; (2) quick action to correct it; and (3) a meritorious defense to the complaint. *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994); *O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1401 (7th Cir. 1993); *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989).

There appears to be good cause as Defendant Robert's failure to timely file an answer was inadvertent and the result of a miscommunication, not the type of willful refusal to follow court rules that justifies refusing to vacate entry of default. *See Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).

The Court also notes that Defendant Robert is retired and no longer employed at the institution where the facts that give rise to his litigation occurred. Quick action turns on the particular situation. *See Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). In this case, corrective action was taken within two days of receiving notice that default was entered and there was no unnecessary delay in taking corrective action.

Finally, without commenting on the merits, the Court notes that it appears that Defendant Robert has several meritorious defenses to this action and at least "one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones*, 39 F.3d at 165.

For the foregoing reasons, the Court **ADOPTS** the Report & Recommendation (Doc. 55) in its entirety and **DENIES** Plaintiff's Motion for Default Judgment and Motion for Contempt against Defendant Bradley Robert (Doc. 46) and **GRANTS** Defendant Bradley Robert's Motion to Set Aside Entry of Default (Doc. 50). The Clerk of Court is **DIRECTED** to **VACATE** the Entry of Default (Doc. 41).

**IT IS SO ORDERED.**

**Dated:** 7/29/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**