IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN SANGRAAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  3:14 CV 661 SMY/RJD |
| ) | |
| S. A. GODINEZ, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on the twenty-one pending motions to intervene. (Docs. 119, 120, 121, 122, 123, 124, 125, 128, 129, 130, 132, 133, 134, 135, 136, 137, 138, 140, 145, 146, 147.)  On June 9, 2014, Plaintiff commenced an action pursuant to 42 U.S.C. § 1983, alleging several constitutional violations regarding his religious rights as a pagan.  (Doc. 1.) Plaintiff's remaining claims are as follows:

> **Count 1:**  First Amendment claim again Defendants Godinez, Flagg, Brookhart, Robert, Kline, and Haverhals for violating the Free Exercise, Free Speech, and Establishment Clauses by banning the pentacle, limiting the use of tarot cards, requiring additional screening of pagan literature, and subjecting Plaintiff to religious messages in the chapel.
>
> **Count 2:**  Fourteenth Amendment claim against Defendants Godinez, Flagg, Brookhart, Robert, Kline, and Haverhals for violating the Equal Protection Clause by banning the pentacle, limiting the use of tarot cards, requiring additional screening of pagan literature, and subjecting Plaintiff to religious messages in the chapel.
>
> **Count 3:**  Claim under Religious Land Use and Institutionalized Persons Act against Defendants Godinez and Flagg for banning the pentacle, limiting the use of tarot cards, requiring additional screening of pagan literature, and subjecting Plaintiff to religious messages in the chapel.

(Doc. 8.)

Several prisoners have filed a motion to intervene in this matter to join the action against Defendants and to facilitate the certification of a class of pagans.[1]  "The proposed intervenor must demonstrate that there is (1) a common question of law or fact, and (2) independent jurisdiction." *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995); Fed. R. Civ. P. 24(b)(1)(B).  Except for these requirements, whether to allow intervention is entirely discretionary.  *Id.*  Regarding the common question of law and fact, Plaintiff has raised claims against defendants (with the exception of Defendant Godinez) regarding their conduct at Robinson Correctional Center and Centralia Correctional Center.  However, only four of twenty-one proposed intervenors are housed at these facilities, and they provide no allegations that they were wronged by any Defendant.  Rather, the form motions[2] each state:

> My religious beliefs are significantly burdened by the policies challenged in this putative class action, including the restriction of the Pentacle as a religious medallion, and/or the restriction of divination tools (e.g. Tarot cards, Rune tiles) for religious practices, and/or inequality of treatment for Pagan books and religious publications, and/or the pervasive climate of anti-Pagan religious discrimination in the IDOC exacerbated by these policies.

Significantly the form motions use the term "and/or" in conjunction with a catchall phrase regarding the "pervasive climate of anti-Pagan religious discrimination."  The nature of the form motions makes determining which, if any, constitutional and statutory violations alleged by Plaintiff were suffered by each intervenor impossible.  Accordingly, the Motions to Intervene are denied with leave to refile motions that specifically identify common questions of law and fact by February 24, 2017.

---

[1] The Court will construe the motions as motions for intervention under Fed. R. Civ. P. 24.  Although the motions reference both joinder and intervention, the motions were filed by individuals who are not parties to this case.  *See Hubner v. Schoonmaker*, 1990 WL 149207, at *4 (E.D. Pa. 1990) ("If an existing party is seeking to bring in an outsider the court should apply the joinder provisions of Rules 19 and 20; if the outsider is seeking to enter the suit of his own accord, the court should apply the intervention provisions set forth in Rule 24."); *N.Y. State Ass'n for Disabled Children, Inc. v. Carey*, 438 F. Supp. 440, 445 (E.D.N.Y. 1977).

[2] With regard to Plaintiff's representations that he has prepared and filed legal documents on behalf of others, the Court advises Plaintiff that the state of Illinois prohibits the unauthorized practice of law.  *See* 705 Ill. Comp. Stat. Ann. 205/1.  Under Illinois law, "Preparation of pleadings and court appearances and arguments thereon are part and parcel of the practice of law." *In re Herrera*, 194 B.R. 178, 191 (Bankr. N.D. Ill. 1996).

Moreover, although plaintiffs may bring their claims jointly in a single lawsuit if they so desire, the Court must advise them as to the consequences of proceeding in this manner, including their filing fee obligations, and give them the opportunity to withdraw from the case or sever their claims into individual actions. In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the Seventh Circuit addressed the difficulties in administering group prisoner complaints. In reconciling the Prisoner Litigation Reform Act with the Federal Rules of Civil Procedure, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he or she had filed the suit individually.

The Circuit noted that there are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are ten plaintiffs, each plaintiff's postage and copying costs of filing motions, briefs or other papers in the case will be ten times greater than if there was a single plaintiff.

Second, a prisoner litigating on his or her own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. According to the Seventh Circuit, a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him or her personally. Furthermore, if the Court finds that the complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases.

If that severance of claims occurs, each plaintiff will be liable for another full filing fee for each new case. Prisoners may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Seventh Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner pro se litigants face in joint pro se litigation, and "give them an opportunity to drop out." *Id.* at 856. Therefore, in keeping with this suggestion, the Court offers each proposed plaintiff an opportunity to withdraw from this litigation before the case progresses further. Each proposed plaintiff may wish to take into consideration the following points in making the decision:

- The prisoner will be held legally responsible for knowing precisely what is being filed in the case on his or her behalf.

- The prisoner will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- The prisoner will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, the prisoner will be required to prosecute his or her claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, the prisoner will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).[3]

In addition, if the proposed plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion, or other document filed on behalf of multiple plaintiffs

---

[3] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

must be signed by each of the plaintiffs.  As long as the plaintiffs appear without counsel in this action, each plaintiff must sign documents for himself.  *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); Fed. R. Civ. P. 11.[4]  A non-attorney cannot file or sign papers for another litigant.  Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

## CONCLUSION

Based on the foregoing, the Motions to Intervene (Docs. 119, 120, 121, 122, 123, 124, 125, 128, 129, 130, 132, 133, 134, 135, 136, 137, 138, 140, 145, 146, 147) are hereby DENIED.  Each proposed intervenor/plaintiff may file another motion that specifically identifies common questions of law and fact but must do so by February 24, 2017.  The Clerk of Court is DIRECTED to mail a copy of this Order to each proposed intervenor/plaintiff.

**SO ORDERED.**

**DATED:  February 3, 2017.**                    *s/       Reona J. Daly*
                                                  **UNITED STATES MAGISTRATE JUDGE**

---

[4] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."  FED. R. CIV. P. 11(a).  Moreover, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs.  *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action).

5